FILED
U.S. DISTRICT COURT
2010 JAN 25 A 11: 20

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| RONNIE L. MC DANIEL,<br><br>        Plaintiff,<br><br><br>    v.<br><br><br>FEDERAL BUREAU OF<br>INVESTIGATION and IC3,<br><br>        Defendants. | Case No. 2:09-CV-677-DAK<br><br><br><br>**REPORT AND RECOMMENDATION** |

        Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel.  Plaintiff's complaint was filed on August 3, 2009 (Doc. 3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Doc. 1, 2).  United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on November 4, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 3, 4.)

        Due to Plaintiff's failure to comply with the court's order to file an amended complaint, and due to the complaint's failure to state a claim on which relief may be granted, the court recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

The court relies on Rule 41(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) in recommending that Plaintiff's complaint be dismissed.

First, Rule 41(b) allows the court to dismiss a plaintiff's complaint for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*, 492 F.3d 1158, 1161, 1161 n.2 (10th Cir. 2007). On December 11, 2009, the court ordered Plaintiff to file an amended complaint. (Doc. 6.) Contrary to that order, Plaintiff has not filed an amended complaint. In fact, since that order was issued, Plaintiff has not filed any pleading in this case. As a result, Plaintiff has failed to comply with this court's order and, on that basis, the court may dismiss Plaintiff's complaint pursuant to Rule 41(b).

Second, 28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ." Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes, as it did in its December 11, 2009 order, that Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a

less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In its December 11, 2009 order, the court warned Plaintiff that it had reviewed Plaintiff's complaint and it appeared that Plaintiff had not yet stated a properly supported claim upon which relief may be granted.  Plaintiff generally explains that he brought this case "[d]ue to ineffeciency [sic] of Burea [sic] to handle matters I'm now seeking Federal court intervention for a mandatory order of court." (Docket Entry #3, at 49.)  This general statement does not provide the court with enough specificity for the court to discern a federal claim.

Plaintiff's stated causes of action are also generally stated and fail to supply the court with a federal cause of

3

action.  Plaintiff's first cause of action is "Article 6 United Nations Human Rights," which he supports by stating, "violation of recognition before the law (law enforcement agency)."  (Doc. 3, at 4.)  Even construed liberally, these general statements simply are not enough to support a federal claim against Defendants.  Instead, they amount to conclusory allegations unsupported by sufficient factual averments.

Plaintiff states, as a second cause of action, "Article 7 United Nations Human Rights," which he supports by stating, "I believe I have been discriminated by law enforcement to equal protection before and by the law."  (Docket Entry #3, at 4.) Again, as with Plaintiff's first claim, these statements do not provide the court with enough support for the court to conclude that Plaintiff has stated a federal claim upon which relief may be granted.

Plaintiff's third stated cause of action is "Article 12 United Nations Human Rights," which he supports by stating, "my privacy, family, home and correspondance [sic], honor and reputation has been breached and I have been denied recourse for protection against such attacks by U.S. enforcement agencies." (Docket Entry #3, at 5.)  As with Plaintiff's first two claims, these statements setting forth Plaintiff's third claim fail to provide enough information to allow the court to conclude that Plaintiff has stated a federal claim.  In addition, as with

4

Plaintiff's first two claims, Plaintiff's third claim does not set forth sufficient facts to support a federal claim.

In summary, the information in Plaintiff's complaint does not include a sufficient statement of supporting facts allowing the court to determine Plaintiff has stated a federal claim upon which relief can be granted.  Instead, Plaintiff's claims consist of conclusory allegations unsupported by sufficient factual averments.  As a result, the court concludes that Plaintiff's complaint fails to set forth a federal claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it.  Failure to file

objections may constitute a waiver of those objections on

subsequent appellate review.

DATED this 25th day of January, 2010.

BY THE COURT:

SAMUEL ALBA
United States Magistrate Judge